IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1183-SLP |
| | ) | |
| ANDREW M. SAUL, | ) | |
|     Commissioner of Social Security, | ) | |
| | ) | |
| Defendant.[1] | ) | |

## O R D E R

Before the Court is the Objection [Doc. No. 21] filed by the Commissioner to U.S. Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R&R") [Doc. No. 20]. In her R&R, Judge Mitchell recommended the entry of judgment reversing and remanding the Commissioner's final decision because "the *sole* reason the [administrative law judge] gave for denying Plaintiff's request for an additional consultative examination is unsupported by the evidence of record." R&R 6, Doc. No 20. The Commissioner argues that Judge Mitchell was required not only to determine if error by the ALJ existed, but also to determine whether such error was harmless. And the Commissioner argues that any such error was, in fact, harmless. The Court reviews de novo that portion of the R&R to which the Commissioner made specific objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Mr. Saul has been automatically substituted for the then-acting commissioner named in Plaintiff's Complaint [Doc. No. 1] pursuant to Federal Rule of Civil Procedure 25(d).

Harmless-error review may be appropriate in "exceptional circumstance[s], i.e., where, based on material the ALJ did at least consider (just not properly), [the reviewing court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (indicating that harmless-error review should be applied "cautiously in the administrative review setting"). Assuming without deciding that harmless-error review of the type described for social security disability benefits appeal cases could apply to the issue of whether to order an additional consultative examination, the instant scenario does not meet this high bar for harmless-error review in the administrative review setting. A reasonable administrative factfinder, considering the conflicting evidence in the record from Dr. Khan and Dr. Metcalf, could have resolved the issue of whether an additional consultative examination was proper in favor of Plaintiff. Additionally, this case is not one where a remand necessarily would serve no other purpose than to needlessly prolong the proceedings. The harmless-error standard of review therefore is not satisfied, and Judge Mitchell correctly determined that the reason given by the ALJ for denying Plaintiff's request for an additional consultative examination was unsupported by the evidence of record.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 20] is ADOPTED in its entirety and the Commissioner's Objection thereto [Doc. No. 21] is OVERRULED. The Commissioner's decision is REVERSED, and this matter is

REMANDED for further administrative proceedings consistent with the R&R. A separate judgment will be entered contemporaneous herewith.

IT IS SO ORDERED this 8th day of November, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE